NOT FOR PUBLICATION

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00183-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Shana Raelisa Johnson | |
| Defendant. | |

Defendant filed an Amended Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release Including Release due to COVID-19) ("Motion," Doc. 57) and a Supplement thereto. ("First Supplement," Doc. 58.) The Government filed its Response (Doc. 59) in opposition. Defendant filed a Reply (Doc. 60), and then another Supplement. ("Second Supplement," Doc. 61.) The Court has read and considered all of the above filings. It commends both counsel for the thoroughness, candor and diligence displayed in all filings. Both clients have been well-served here.

Defendant is serving a 44-month sentence for wire fraud related to her taking approximately $2.91 million from two successive victim employers. The parties agree that her projected release date would be January 24, 2021—approximately five months from the date of this Order—but Defendant reports that pursuant to Bureau of Prisons policies she is set for transfer to a residential re-entry center in just two days, on August 20, and will be eligible for home confinement several weeks thereafter, on September 14.

Defendant argues in her Motion that her personal circumstances, in combination with the COVID-19 pandemic, present "extraordinary and compelling reasons" for compassionate release within the meaning of Section 3582(c)(1)(A).[1] Specifically, Defendant asserts that 1) her health issues, which include anemia and possible lupus, put her at particular risk for severe and potentially fatal effects should she contract the virus; and 2) the primary caregiver to her five children, aged 11 to under 2 years old, had contracted the virus as of the date of her filing of her Motion, necessitating her release to care for the children. (Motion at 2.)

18 U.S.C. §3582(c)(1) imposes several requirements before a motion to reduce sentence may be granted. First, a defendant can only make such motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Second, the Court can grant such relief if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). Third, the Court must also find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A).

The parties agree that defendant has met the threshold exhaustion requirement, and upon review of the Exhibits Defendant submitted in support of her Motion, (Doc. 57-2) the Court agrees as well. But upon review of the merits, the Court concludes Defendant fails to satisfy the substantive requirements for the relief sought—she does not present an "extraordinary and compelling reason" to justify a reduction in sentence.

---

[1] Defendant also moved, in the alternative, for an Order of home confinement in lieu of further imprisonment, but no longer appears to pursue that relief from the Court in her Reply. Abandonment of that request is warranted. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) empowers only the United States Bureau of Prisons (BOP) and United States Attorney General Barr to order home confinement. It does not authorize Courts to order home confinement or any other relevant modification.

"Congress has delegated authority to the Sentencing Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020). This Court thus looks to the United States Sentencing Guidelines ("Guidelines") to determine whether the reduction sought "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Application Note 1 to Section 1B1.13 of the Guidelines provides that, all other requirements being met, "extraordinary and compelling reasons exist under any of the circumstances set forth below: . . . (A)(i) The defendant is suffering from a terminal illness; . . . (ii) The defendant is . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; . . . (B) The defendant is at least 65 years old; . . . (C) The death or incapacitation of the caregiver of the defendant's minor child  or children; or (D) There exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above circumstances. U.S.S.G. § 1B1.13 n.1 (2018).

In the present case, none of the concerns Defendant lists qualify under sections (A) or (B) of Section 1B1.13 note 1 as "extraordinary and compelling." Defendant does not suffer from a terminal illness, nor a serious physical or medical condition that diminishes her ability for self-care while in custody or otherwise. Nor is she 65 years old or beyond. Rather, Defendant focuses on subsection (C)'s provision of relief for incapacitation of a caregiver to her minor children, and her argument that her health risks, should she contract COVID-19, constitute subsection (D)'s extraordinary or compelling reason other than, or in combination with, the circumstances in subsection (C).

In support of her argument for relief under subsection (C), Defendant asserts that her mother, who is the primary caregiver for her children during her incarceration, contracted COVID at some point before Defendant filed her Motion on July 16. Defendant notes that while her ex-husband provides some child care, he has not been a regular or reliable provider. The Court cannot find that the circumstances advanced by Defendant

here satisfy requirements for early release under Section 3582(c)(1)(A), as interpreted through the lens of U.S.S.G. Section 1B1.13, note 1. While Defendant's mother has contracted COVID, Defendant has not demonstrated that her mother was, or more importantly, is and will remain, incapacitated and unable to care for the children, or that others, such as the children's father, are unable to provide that care. Indeed, Defendant acknowledges that although her mother was diagnosed with the virus more than a month ago, she "has not had severe symptoms…and is recovering." (Reply at 2.) The Court acknowledges these circumstances must be very difficult for Defendant's mother. But they do not rise to the level justifying Defendant's early release.

Nor do Defendant's own health issues, as related in her motion practice, constitute "extraordinary or compelling reasons under U.S.S.G. Section 1B1.13, note 1, subsection (D)'s catch-all provision. Demonstration of a concrete, substantial risk of contracting COVID-19, combined with the existence of conditions acknowledged by the medical community as putting her at greater risk of serious consequences should she contract the virus, might well constitute extraordinary and compelling circumstances within Note 1's— and thus the statute's—meaning. But Defendant has only presented speculation as to her likelihood of future infection. She provides figures for infection rates and totals in the United States as a whole, some state and local communities, and corrections communities in general, as well as those of the local federal pre-sentence detention facility. But she demonstrates no concrete information about the risk in her particular situation or facility— which figures now have relevance approaching zero in light of the fact that Defendant will move to a residential re-entry facility in two days. Defendant has provided no information about infection risk factors at such facility.

Finally, Defendant has not shown that she is at particular risk of fatality or other serious effect should she contract the virus. Anemia and hair loss is not a condition recognized by the medical community as putting a COVID patient at serious risk. And while lupus might well satisfy the criteria for serious risk, Defendant's health care providers have not given her such a diagnosis. The Court will decline Defendant's

invitation to presume such a condition absent medical demonstration. In light of the above, she does not satisfy the requirements under the applicable Sentencing Guideline notes for extraordinary and compelling reasons for early release.

For all of the above reasons,

**IT IS ORDERED** denying Defendant's Amended Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release Including Release due to COVID-19) ("Motion," Doc. 57).

Dated this 18th day of August, 2020.

Honorable John J. Tuchi
United States District Judge

- 5 -